**OREGON BASIN OIL & GAS CO. v. WORK, Secretary of the Interior, et al.**

(Court of Appeals of District of Columbia. Submitted April 8, 1925. Decided May 4, 1925.)

No. 4253.

**1. Mines and minerals ☞40—Whether oil discovery justifies issuance of patent question of fact, for Secretary of the Interior, not courts.**

Whether discovery of oil on a particular location is legally sufficient to entitle discoverer to patent is question of fact, addressed to Secretary of the Interior, whose decision is conclusive on courts, unless arbitrary, capricious, or induced by fraud or imposition.

**2. Mines and minerals ☞40—Secretary of the Interior's finding as to sufficiency of oil discovery to warrant issuance of patent held conclusive on courts.**

Finding by Secretary of the Interior that oil discovered in wells at depths of 45 and 434 feet did not warrant issuance of patent to discoverer, notwithstanding discoveries on adjacent claims at much greater depths and from formations unconnected with formations penetrated by wells of discoverer, held conclusive on courts.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Oregon Basin Oil & Gas Company against Hubert Work, Secretary of the Interior, and William Spry, Commissioner of the General Land Office. From a decree dismissing the bill, plaintiff appeals. Affirmed.

C. F. Consaul and C. C. Heltman, both of Washington, D. C., for appellant.

C. E. Wright, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, dismissing appellant's bill for an injunction restraining the Secretary of the Interior from rejecting appellant's application for patent of a mining claim "upon the ground assigned therefor," and directing that the Secretary "be commanded to consider, pass upon, and determine said application for patent," in accordance with a rule which appellant conceives the department had announced in other decisions.

In the bill it is alleged that in 1911 certain citizens made location "of the Wilson No. 3 placer mining claim, covering and embracing lots numbered 1, 2, and 3, of section

numbered 5, of township numbered 50 north, of range numbered 100 west, and situate in the county of Park, state of Wyoming"; that there was a relocation of this claim in June of 1912, and that in the month of May of that year a well had been completed upon this land, and that petroleum was encountered at a depth of 45 feet, "of such amount and quality and of such manner of occurrence as to justify a reasonably prudent person in further expenditure of labor and means upon said land, with reasonable expectation of producing mineral therefrom in paying quantities"; that in the year 1913 the owners of this claim expended further money in drilling a second well to a depth of about 434 feet, "in which well petroleum was found in substantial quantity and of commercial quality, of which a sample was then taken"; that, in addition, the owners expended money in the building of roads necessary to the bringing in of supplies and equipment, "and for the common benefit of said claim and others held in common ownership did construct bridges, camp buildings, and equipment necessary and proper for continued operations upon said claim and upon others adjacent thereto, so held in common ownership; * * * that in operations so conducted upon said group of placer claims the owner thereof, either directly or through a lessee, expended a large sum of money, to wit, over two hundred thousand dollars ($200,000)"; that by deed dated March 17, 1919, the owners of "Wilson No. 3 placer claim" conveyed their interest therein to appellant; that on February 16, 1922, appellant duly filed an application for patent on this claim; that on May 1, 1923, the Commissioner of the General Land Office held this application for rejection, "on the ground that the discovery of mineral upon said Wilson No. 3 placer was insufficient to form a basis of a valid mining location"; that from this decision appellant appealed to the Secretary of the Interior, who, on October 12, 1923, affirmed the decision of the Commissioner; that thereafter appellant filed a petition for rehearing before the Secretary; that further evidence was submitted, and further argument presented, "but by decision dated February 1, 1924, said motion was denied, and the earlier decision was adhered to."

Appellant filed with the bill, and prayed that they be considered a part of it, copies of the decisions above mentioned. From his decision of October 12, 1923, it appears that the Secretary, in stating the facts, said: "In connection with the showing there was sub-

mitted a sealed quart bottle, marked 'Wilson No. 3. Depth 425 feet, Apr. 27/13,' nearly full of a dark colored liquid, the lower two-thirds of which appears to be of a considerably higher specific gravity than the upper one-third, and which would suggest the possibility that the heavier portion of the liquid is water, if the remainder consisted of oil."

The Secretary then stated the conclusions reached by the Commissioner and the contentions of appellant, and continued: "In the argument submitted, both by brief and orally, to support the appeal, it is conceded that, so far as disclosed, the oil deposit actually encountered upon the land possesses no economic importance, and that the formations from which the applicant expects to develop commercial oil deposits on the land lie at depths many hundred feet below the formations penetrated by the deeper of the two wells already drilled on the claim, and are at present incapable of practical development because of the presence, as disclosed in other places in the Oregon Basin field, of large volumes of gas, under exceedingly high pressure, overlying the deposits sought to be reached. It is urged, however, that regardless of these facts, and in view of the further fact that the land has been through its designation by the Geological Survey as being within the limits of the geologic structure of a producing field, in effect, classified as oil and gas in character, the disclosures already made upon and in the vicinity of the land should be accepted as constituting a legal discovery, and as entitling the applicant to a patent to the claim."

The Secretary proceeded to review with care the decisions conceived to be applicable, and added: "The department is clearly of opinion that the facts disclosed herein fall far short of establishing the existence of a legal discovery of mineral within the limits of the claim in question. The showing herein presented fails to satisfactorily establish that in either of the wells drilled on the claim there was encountered any formation carrying oil or other mineral in sufficient quantity to impress the land with any value on account thereof, while, on the other hand, it is conclusively made to appear that the formations from which oil values are expected to be developed within the limits of the claim exist many hundred feet below, and are wholly unconnected with, the formations penetrated in said wells."

On the motion for rehearing, appellant contended that the decision was inconsistent with the rule announced in Castle v. Womble, 19 Land Dec. 455. The Secretary, how-

ever, after an extended review of that and other departmental and court decisions, rejected this contention and adhered to his prior decision, saying: "Under the decisions cited, therefore, it would seem to be wholly immaterial that there should be shown by developments outside the claim, or by geological deductions, the existence within the limits of the claim, but unexposed therein, of deposits wholly unconnected with the deposit actually exposed or discovered that would warrant such expenditures upon the claim."

[1] Whether there had been made on this location a discovery of oil legally sufficient to entitle appellant to a patent was a question of fact, addressed to the Secretary of the Interior, and not the courts, and, unless his decision was arbitrary or capricious, or induced by fraud or imposition, it was conclusive. Cameron v. U. S., 252 U. S. 450, 464, 40 S. Ct. 410, 64 L. Ed. 659. There is no contention here as to fraud, and it is apparent from the record that every contention of appellant received careful and painstaking consideration in the department. The question before us is not whether we would have reached the same conclusion as did the Secretary, for the statute contemplates the exercise of his discretion, and not ours, but whether there was any justifiable basis for his decision. "The mere fact that the court might deem the ruling erroneous in law gave it no power to intervene." Work v. U. S., 45 S. Ct. 252, 69 L. Ed. ——, decided in the Supreme Court of the United States March 2, 1925. The following comment of the court in that case is applicable here: "There is nothing in the award by the Secretary in the case at bar which would justify characterizing it as arbitrary or capricious or fraudulent or an abuse of discretion."

The interpretation by the Secretary of the rule announced in Castle v. Womble, 19 Land Dec. 455, is not inconsistent with the ruling in Chrisman v. Miller, 197 U. S. 313, 322, 323, 25 S. Ct. 468, 49 L. Ed. 770. In reaching his decision the Secretary properly considered, not only the work actually done in 1912 and 1913, the fact that no further discovery was made or attempted prior to the application for patent, almost 9 years thereafter, that the oil from adjacent claims was subsequently discovered at a depth much greater than that of the deeper of appellant's two wells, and from formations found by the Secretary to have been wholly unconnected with the formations penetrated by the well of appellant, and all other surrounding circumstances.

It results that the decree is affirmed, with costs.

Affirmed.

Appeal to the Supreme Court of the United States allowed May 16, 1925.